**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT DOLEMBA, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| OOMA, INC. | ) |
| and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Scott Dolemba brings this action against defendant Ooma, Inc. to secure redress for the placement of robocalls to his cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1331.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted or done business in Illinois.

1

4.      Venue in this District is proper for the same reason.

## PARTIES

5.      Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

6.      Defendant Ooma, Inc., is a Delaware corporation.  Its registered agent and office is Spencer D. Jackson, 1880 Embarcadero Road, Palo Alto, California  94303.

7.      Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

8.      On August 28, 2018, plaintiff Scott Dolemba received a telephone call on his cell phone from 925-231-2038. (Exhibit A)

9.      Plaintiff Scott Dolemba answered the call when it came in.   There was a brief pause when plaintiff answered the call.  Plaintiff was subsequently connected with a live caller who asked for "Scott", introduced herself as Sabrina with Ooma, and offered no contract phone service for $20/month.

10.      On August 31, 2018, plaintiff Scott Dolemba received a telephone call on his cell phone from 925-231-2038.  (Exhibit B)

11.      Plaintiff Scott Dolemba answered the call when it came in.  There was a brief pause when plaintiff answered the call.  Plaintiff was subsequently connected with a live caller who he believes was female, and he then terminated the call.

12.      Discovery may reveal additional unsolicited, automated telemarketing calls as well.

13.      Defendant Ooma Inc. offers cloud based telephone and home security products

2

and services.

14.     Plaintiff Scott Dolemba  had not provided his cell phone numbers to Ooma Inc.,
or had any business with Ooma, Inc.

15.     Defendants either negligently or wilfully violated the rights of plaintiff and other
recipients in placing the calls.

16.     Plaintiff suffered damages as a result of receipt of the calls.  Furthermore,
plaintiff's statutory right of privacy was invaded.

17.     Plaintiff is entitled to statutory damages.

18.     Defendants violated the TCPA even if their actions were only negligent.

19.     Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

20.     Plaintiff incorporates paragraphs 1-19.

21.     The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside
the United States if the recipient is within the United States--**

> **(B) to initiate any telephone call to any residential telephone line using an
> artificial or prerecorded voice to deliver a message without the prior express
> consent of the called party, unless the call is initiated for emergency purposes
> or is exempted by rule or order by the Commission under paragraph
> (2)(B);directs the Federal Communications Commission, 47 U.S.C.  §227(c), .
> . .**

22.     Plaintiff had not consented to defendants' communications.

23.     Plaintiff incurred damages as a result of the unsolicited automated calls in the

form of monies paid to receive the unsolicited, automated robocalls and his statutory right of privacy was invaded.

24.    The TCPA provides, 47 U.S.C. §227(b)(3) provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

25.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls on a cellular telephone from or on behalf of Ooma Inc. (d) placed using an automated dialer or artificial or prerecorded voice.

26.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

27.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions

include:

     a.     Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

     b.     The manner in which defendants compiled or obtained their list of telephone numbers;

     c.     Whether defendants obtained the consent of the called parties;

     d.     Whether defendants thereby violated the TCPA;

28.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

30.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31.     Several courts have certified class actions under the TCPA:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir.  2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*,  271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763

(N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011);

*Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983

(S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS

41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135

(N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894

(N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339,

2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp.2d 802

(N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D.

Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010

U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S.

Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642

(W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455

(La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So.

2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI

Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d

844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield

Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little,

L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire

Cooler Service, Inc.,* 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners

LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*,

245 Ga.App. 363, 537 S.E.2d 468 (2000).

      32.      Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Compensatory and punitive damages;

b.      An injunction against further violations;

c.      Attorney's fee, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

33.     Plaintiff incorporates paragraphs 1-19.

34.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by phoning multiple robocalls to plaintiff Scott Dolemba's cell phone.

35.     Defendants' conduct is contrary to public policy, as set forth in the TCPA.

36.     Plaintiff suffered damages as a result of receipt of the calls.  His phone was also unusable for the duration of the alleged robocall.

37.     Defendants engaged in such conduct in the course of trade and commerce.

38.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

39.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in Illinois area codes  (b) who, on or after a date three years prior to the filing of this action, (c) received calls on a cellular telephone from or on behalf of Ooma Inc. (d) placed using an automated dialer or artificial or prerecorded voice.

40.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

41.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

> a.     Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;
>
> b.     The manner in which defendants compiled or obtained their list of telephone numbers;
>
> c.     Whether defendants obtained the consent of the called parties;
>
> d.     Whether defendants thereby violated the TCPA;

42.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

44.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.     Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a. Compensatory and punitive damages;

b. An injunction against further violations;

c. Attorney's fee, litigation expenses and costs of suit;

d. Such other or further relief as the Court deems just and proper.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)