# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, <br> on behalf of plaintiff and a class, <br><br>                 Plaintiff <br><br>     vs. <br><br> OOMA, INC <br> And DOES 1-10, <br><br>                 Defendants | 18 C 6033 <br><br> Judge Kendall <br> Magistrate Judge Weisman |

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED CLASS ACTION COMPLAINT

Defendant Ooma, Inc. ("Defendant"), by its attorneys, makes the following answers and asserts the following defenses in response to Plaintiff's Amended Complaint (Dkt. 15).

## INTRODUCTION

**Paragraph Number 1.** Plaintiff Scott Dolemba brings this action against defendant Ooma, Inc. to secure redress for the placement of robocalls to his cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

**RESPONSE TO PARAGRAPH 1:** Defendant admits that Plaintiff's Amended Complaint purports to bring claims against Defendant but denies that Plaintiff states any legally cognizable claims. Defendant denies the remaining allegations of Paragraph 1.

## JURISDICTION AND VENUE

**Paragraph Number 2.** This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

**RESPONSE TO PARAGRAPH 2:** Paragraph 2 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that, upon

current information and belief, this Court has jurisdiction to adjudicate the claims asserted in the Amended Complaint but denies that Plaintiff states any legally cognizable claims.

**Paragraph Number 3.** Personal jurisdiction exists in that defendants:

**RESPONSE TO PARAGRAPH 3:** Paragraph 3 contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant states that, upon current information and belief, this Court has personal jurisdiction to adjudicate the claims asserted in the Amended Complaint but denies that Plaintiff states any legally cognizable claims.

> **Paragraph Number 3(a).** Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

**RESPONSE TO PARAGRAPH 3(a):** Denied.

**Paragraph Number 3(b).** Have transacted or done business in Illinois.

**RESPONSE TO PARAGRAPH 3(b):** Defendant admits that Ooma, Inc. has transacted or done business in Illinois. To the extent Paragraph 3(b) contains legal conclusions, no responsive pleading is required. To the extent a response is required, Defendant states that, upon current information and belief, this Court has personal jurisdiction to adjudicate the claims asserted in the Amended Complaint but denies that Plaintiff states any legally cognizable claims.

**Paragraph Number 4.** Venue in this District is proper for the same reason.

**RESPONSE TO PARAGRAPH 4:** Paragraph 4 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that, upon current information and belief, venue is proper in this judicial district but denies that Plaintiff states any legally cognizable claims.

## PARTIES

**Paragraph Number 5.** Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

**RESPONSE TO PARAGRAPH 5:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and therefore denies them.

**Paragraph Number 6.** Defendant Ooma, Inc., is a Delaware corporation. Its registered agent and office is Spencer D. Jackson, 1880 Embarcadero Road, Palo Alto, California 94303.

**RESPONSE TO PARAGRAPH 6:** Admitted.

**Paragraph Number 7.** Defendants Does 1-10 are other persons responsible for the calls complained of.

**RESPONSE TO PARAGRAPH 7:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 and therefore denies them.

## FACTS

**Paragraph Number 8.** On August 28, 2018, plaintiff Scott Dolemba received a telephone call on his cell phone from 925-231-2038. (Exhibit A)

**RESPONSE TO PARAGRAPH 8:** Defendant admits that it made a telephone call from 925-231-2038 to a number affiliated with Plaintiff on August 28, 2018. Defendant lacks knowledge or information sufficient to form a belief as to whether Scott Dolemba himself received this call, and lacks knowledge or information sufficient to form a belief as to the accuracy of Exhibit A.

**Paragraph Number 9.** Plaintiff Scott Dolemba answered the call when it came in. There was a brief pause when plaintiff answered the call. Plaintiff was subsequently connected with a live caller who asked for "Scott", introduced herself as Sabrina with Ooma, and offered no contract phone service for $20/month.

**RESPONSE TO PARAGRAPH 9:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and therefore denies them.

**Paragraph Number 10.** On August 31, 2018, plaintiff Scott Dolemba received a telephone call on his cell phone from 925-231-2038. (Exhibit B)

**RESPONSE TO PARAGRAPH 10:** Defendant admits that it made a telephone call from 925-231-2038 to a number affiliated with Plaintiff on August 31, 2018. Defendant lacks knowledge or information sufficient to form a belief as to whether Scott Dolemba himself received this call, and lacks knowledge or information sufficient to form a belief as to the accuracy of Exhibit B.

**Paragraph Number 11.** Plaintiff Scott Dolemba answered the call when it came in. There was a brief pause when plaintiff answered the call. Plaintiff was subsequently connected with a live caller who he believes was female, and he then terminated the call.

**RESPONSE TO PARAGRAPH 11:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 and therefore denies them.

**Paragraph Number 12.** Discovery may reveal additional unsolicited, automated telemarketing calls as well.

**RESPONSE TO PARAGRAPH 12:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 and therefore denies them.

**Paragraph Number 13.** Defendant Ooma Inc. offers cloud based telephone and home security products and services.

**RESPONSE TO PARAGRAPH 13:** Admitted.

**Paragraph Number 14.** Plaintiff Scott Dolemba had not provided his cell phone numbers to Ooma Inc., or had any business with Ooma, Inc.

**RESPONSE TO PARAGRAPH 14:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and therefore denies them.

**Paragraph Number 15.** Defendants either negligently or willfully violated the rights of plaintiff and other recipients in placing the calls.

**RESPONSE TO PARAGRAPH 15:** Paragraph 15 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

**Paragraph Number 16.** Plaintiff suffered damages as a result of receipt of the calls. Furthermore, plaintiff's statutory right of privacy was invaded.

**RESPONSE TO PARAGRAPH 16:** Paragraph 16 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

**Paragraph Number 17.** Plaintiff is entitled to statutory damages.

**RESPONSE TO PARAGRAPH 17:** Paragraph 17 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

**Paragraph Number 18.** Defendants violated the TCPA even if their actions were only negligent.

**RESPONSE TO PARAGRAPH 18:** Paragraph 18 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

**Paragraph Number 19.** Defendants should be enjoined from committing similar violations in the future.

**RESPONSE TO PARAGRAPH 19:** Paragraph 19 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

## COUNT I – TCPA

**Paragraph Number 20.** Plaintiff incorporates paragraphs 1-19.

**RESPONSE TO PARAGRAPH 20:** Defendant incorporates each and every Response to Paragraph 1-19 as though fully set forth herein.

**Paragraph Number 21.** The TCPA provides, at 47 U.S.C. §227(b):

> Restrictions on use of automated telephone equipment
>
> (1) Prohibitions
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> . . .

**RESPONSE TO PARAGRAPH 21:** Defendant admits the accuracy of the quotation from the TCPA, but denies that it violated the TCPA.

**Paragraph Number 22.** Plaintiff had not consented to defendants' communications.

**RESPONSE TO PARAGRAPH 22:** Paragraph 22 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

**Paragraph Number 23.** Plaintiff incurred damages as a result of the unsolicited automated calls in the form of monies paid to receive the unsolicited, automated robocalls and his statutory right of privacy was invaded.

**RESPONSE TO PARAGRAPH 23:** Paragraph 23 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

**Paragraph Number 24.** The TCPA provides, 47 U.S.C. §227(b)(3) provides [sic]:

> Private right of action.
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**RESPONSE TO PARAGRAPH 24:** Defendant admits the accuracy of the quotation from the TCPA, but denies that it violated the TCPA, and specifically denies that the Court could find that the Company willfully or knowingly violated this subsection or the regulations prescribed under this subsection.

## CLASS ALLEGATIONS

**Paragraph Number 25.** Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls on a cellular telephone from or on behalf of Ooma Inc. (d) placed using an automated dialer or artificial or prerecorded voice.

**RESPONSE TO PARAGRAPH 25:** Paragraph 25 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

**Paragraph Number 26.** The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**RESPONSE TO PARAGRAPH 26:** Paragraph 26 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

**Paragraph Number 27.** There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:
    a.    Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;
    b.    The manner in which defendants compiled or obtained their list of telephone numbers;
    c.    Whether defendants obtained the consent of the called parties; and
    d.    Whether defendants thereby violated the TCPA.

**RESPONSE TO PARAGRAPH 27 and subparts 27(a)-(d):** Paragraph 27 and its subparts contain legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27 and its subparts.

**Paragraph Number 28.** Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**RESPONSE TO PARAGRAPH 28:** The first sentence of Paragraph 28 contains legal conclusions to which no responsive pleading is required. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of Paragraph 28. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

**Paragraph Number 29.** Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**RESPONSE TO PARAGRAPH 29:** Paragraph 29 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

> **Paragraph Number 30.** A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**RESPONSE TO PARAGRAPH 30:** Paragraph 30 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

> **Paragraph Number 31.** Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,* 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30,

2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

**RESPONSE TO PARAGRAPH 31:** Defendant admits that certain courts have certified class actions under the TCPA, but denies that it violated the TCPA or that any class is warranted.

**Paragraph Number 32.** Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

**RESPONSE TO PARAGRAPH 32:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 and therefore denies them.

**WHEREFORE Paragraph.** WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:
    a.    Statutory damages;
    b.    An injunction against further violations;
    c.    Costs of suit;
    d.    Such other or further relief as the Court deems just and proper.

**RESPONSE TO WHEREFORE PARAGRAPH:** This Paragraph contains legal conclusions and requests to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

## **DEFENDANT'S AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

Without assuming the burden of proof or persuasion as to any element of Plaintiff's claims, Defendant asserts the following affirmative defenses:

### **First Affirmative Defense**

Plaintiff's Amended Complaint, and each count therein, fails to state a cause of action or a claim upon which relief can be granted.

### **Second Affirmative Defense**

Plaintiff's claims against Defendant are barred, in whole or in part, by statute, regulation, common law, or any other relevant authority.

**Third Affirmative Defense**

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrine of consent. Plaintiff's phone number was published online on business marketing websites.

**Fourth Affirmative Defense**

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrine of assumption of risk.

**Fifth Affirmative Defense**

Plaintiff's claims are barred because Plaintiff lacks standing to assert any claim against Defendant.

**Sixth Affirmative Defense**

The Court lacks jurisdiction over the claims of any person that Plaintiff purports to represent who is subject to a binding arbitration clause in applicable agreements between that person and Defendant.

**Seventh Affirmative Defense**

The imposition of liability and/or statutory damages under the TCPA as sought in the Amended Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

**Eighth Affirmative Defense**

Plaintiff's claims are equitably barred as he has "unclean hands." Plaintiff is a serial filer of TCPA actions, having been a named plaintiff in more than forty such lawsuits in recent years.

**Ninth Affirmative Defense**

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct.

### Tenth Affirmative Defense

To the extent Defendant is liable to Plaintiff or the class he seeks to represent, Defendant may be entitled to indemnification from one or more parties or third parties.

### Eleventh Affirmative Defense

Defendant asserts the defense of failure to join indispensable parties.

### Twelfth Affirmative Defense

Plaintiff's claims are barred to the extent that Plaintiff or any member of the putative class had a prior established business relationship with the Defendant.

### Thirteenth Affirmative Defense

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### Defendant's Reservation of Rights

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. Accordingly, Defendant reserves its right to supplement this Answer and to assert additional affirmative or other defenses.

**WHEREFORE**, Defendant states that Plaintiff is entitled to no relief and demand judgment: (i) dismissing the Amended Complaint with prejudice; (ii) awarding Defendant its costs, disbursements, and attorneys' fees; and (iii) awarding Defendant such other relief as the Court deems just and proper.

Dated: February 4, 2019

Respectfully submitted,

*/s/ Christina G. Sarchio*
Christina G. Sarchio (*pro hac vice*)
Christopher S. Burrichter
**DECHERT LLP**
35 West Wacker Drive, Suite 3400
Chicago, Illinois 60601
Tel.: (312) 646-5800
Fax: (312) 646-5858
christina.sarchio@dechert.com
christopher.burrichter@dechert.com

*Counsel for Ooma, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2019, I caused to be filed the foregoing document with the United States District Court for the Northern District of Illinois using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing.

    */s/ Christopher S. Burrichter*
    Christopher S. Burrichter
    **DECHERT LLP**
    35 West Wacker Drive, Suite 3400
    Chicago, IL 60601
    Tel.: (312) 646-5800
    Fax: (312) 646-5858
    christopher.burrichter@dechert.com